UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY JACKSON,
                       Plaintiff,

                                                                            Case # 12-CV-6445-FPG
v.

                                                                            DECISION AND ORDER

DR. K. JIN, et al.,

                       Defendants.
_____

       Plaintiff, a prisoner in the custody of the New York State Department of Corrections and Community Services ("DOCCS"), has brought this suit, alleging that Defendants violated his constitutional rights. Now before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis status* and to dismiss this action. Dkt. #12. Because Plaintiff has accumulated more than three strikes, and because he is not in imminent danger of serious physical injury, the Motion is granted, Plaintiff's *in forma pauperis* status is revoked, and the Complaint is dismissed without prejudice.

## DISCUSSION

       The Prison Litigation Reform Act of 1995 ("PLRA") provides, in relevant part, that an inmate may not proceed *in forma pauperis* ("IFP") "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

       The PLRA also provides a narrow safety valve, allowing a prisoner who is in "imminent danger of serious physical injury" to avoid application of the so-called three-strikes rule. *See* 28

U.S.C. § 1915(g); *see also Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir. 2002). Under this exception, an inmate who has had three prior strikes must show that he was under imminent danger at the time of filing in order to proceed *in forma pauperis*, but the exception does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562–63.

In this case, there is no dispute that Plaintiff had accumulated more than three strikes prior to commencing this action. Although Plaintiff falsely stated in his Complaint that he had not filed any prior lawsuits, a prior order in this case listed four cases that were indeed dismissed prior to the commencement of this lawsuit. *See* Dkt. #3. When the Complaint was initially screened, Plaintiff was granted IFP status and allowed to proceed under the imminent danger exception because at that stage of the proceedings, the Court could not say that Plaintiff was not facing imminent danger of serious physical injury. *Id.*

Subsequent to that decision, Defendants were served with the Complaint, and moved to revoke Plainitff's IFP status and dismiss this action, arguing that Plainitff does not qualify for the imminent danger exception. Dkt. #12. Plaintiff responded by requesting that the Court order immediate surgery. Dkt. #20.

The Second Circuit has explained that the imminent danger exception only applies to danger existing at the time the complaint is filed. *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010). While the term "serious physical injury" as utilized in section 1915(g) is not concretely defined, it has been construed by courts as encompassing a "disease that could result in serious harm or even death[.]" *Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006). In determining whether the imminent danger exception applies, the Court may consider

more recent medical evidence. *See Jones v. Spaeth*, 07-CV-677, 2010 WL 1268065, at *1 (E.D. Cal. Mar. 31, 2010).

In this case, Plaintiff alleges that he was assaulted at the Attica Correctional Facility on December 25, 2005, and was injured during that incident. He complains of "headaches, back pains, sciatica nerve damage and bilateral carpal tunnel syndrome." Dkt #1, ¶5. Although he admits that he "has been prescribed Neuronton and Tylenol...by Doctor K. Jin," he requests "Federal Judicial Intervention regarding the plaintiff's most recent diagnosis by David H. Halpert, M.D., Neurologist on 2/17/09" (Dkt. #1, ¶8), which was rendered three and a half years prior to this action being commenced on August 17, 2012. In short, Plaintiff's lawsuit seeks surgery relating to carpal tunnel syndrome, and this injury is the basis for his claimed entitlement to the imminent danger exception.

Plaintiff's medical records belie many of his contentions. While it appears that on or about February 19, 2009 Dr. David Halpert concluded that Plaintiff's condition was consistent with carpal tunnel, the records also make clear that DOCCS offered surgery and cortisone to Plaintiff, but Plaintiff refused, stating that he wanted to think about it. Dkt. #1, p.31. There is no indication that Plaintiff ever accepted the offer of surgery from DOCCS. Two and a half years later, on October 4, 2011, Plaintiff filed a grievance with DOCCS, claiming to have injured himself while bending over in his vocational plumbing class. Dkt. #1, p.23. He made a reference to the prior medical evaluation on February 19, 2009, and asked to see the medical staff about receiving pain medication, and being "rescheduled for surgery for carpal tunnel syndrome, my medical records need to be thoroughly evaluated." Dkt. #1, p.24. The grievance was sent forward to DOCCS administration for review, and Plaintiff stated that "I need some strong medication for pain relief" and claimed that "Doctor Jin is insane." *See* Dkt. #1, p.22. In

response, DOCCS responded to Plaintiff that he "was seen by his primary care provider on 12/5/11 and 1/26/12, and that there is no medical indication for Carpal Tunnel surgery…it is noted that he is prescribed Neurontin and Tylenol for pain management." Dkt. #1, p.19.

On this record, Plaintiff has fallen far short of demonstrating that he is in imminent danger of serious physical injury, and it is worth noting that courts considering similar conditions have found carpal tunnel syndrome, the discontinuation of pain medication and headaches to not constitute an imminent danger. *See Allen v. Barnes*, No. 09-0838, 2010 WL 749336 (S.D. Ala. Mar. 1, 2010) (noting that claim of mild to moderate carpal tunnel syndrome and moderate to severe tardy ulnar palsy does not demonstrate an imminent danger of serious physical injury); *Moore v. Barrow*, No. 309-060, 2010 WL 446128, at *1 (S.D. Ga. Feb. 8, 2010) (migraine headache pain insufficient to show imminent danger of serious physical injury); *Henderson v. Williams*, No. 03-CV-0216, 2003 WL 21756336, at *1 (N.D. Tex. July 30, 2003) (allegations of discontinuance of pain medication and pain and swelling in back and groin insufficient to show imminent danger of serious physical injury); *Gallagher v. McGinnis*, No. 00-1468, 2000 WL 739285, at *1 (E.D. La. June 5, 2000) (allegations of denial of all medications for excruciating pain and extra work assignments despite complaints of pain and difficulty ambulating insufficient to demonstrate imminent danger of serious physical injury).

In addition, by Plaintiff's own admissions, the condition he now complains of existed for at least two and a half years (the date of Dr. Halpert's report), and perhaps even seven years (since the incident in December 2005) before this action was filed, and Plaintiff further admits that DOCCS has treated him with prescription medications for his pain during that time frame (albeit not to his satisfaction). Based on all of the foregoing, these alleged harms do not

constitute an imminent danger of serious physical harm. *See, e.g., Malik*, 293 F.3d at 562-63 (imminent danger does not includes harms that have already occurred).

Finally, I would also note that even when interpreted broadly, Plaintiff's claims sound in either negligence or a disagreement regarding his medical care – both of which are not cognizable under either § 1983 or the Eighth Amendment. *See Smith v. Carpenter*, 316 F.3d 178, 194 (2d Cir. 2003) (negligent medical care does not support a section 1983 claim); *Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (disagreement with prison officials about what constitutes appropriate care does not state a claim under the Eighth Amendment).

## CONCLUSION

Because Plaintiff is not in imminent danger of serious physical injury, he may not procced *in forma pauperis* in this case. Defendants' Motion to Dismiss the Complaint (Dkt. #12) is GRANTED, Plaintiff's *in forma pauperis* status is hereby REVOKED and the Complaint is DISMISSED without prejudice to refile with payment of the $350.00 filing fee.

IT IS SO ORDERED.

DATED: March 31, 2014
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge